IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　Criminal Action No. 3:08CR385

BARRY WILLIAMS

**MEMORANDUM OPINION**

Barry Williams, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). Williams contends that he received ineffective assistance of counsel.[1] Specifically, Williams asserts:

| | |
|---|---|
| Claim One | Counsel failed to investigate, locate and interview witnesses. (Mem. Supp. § 2255 Mot. (ECF No. 42) 5.) |
| Claim Two | Counsel failed to call expert witnesses and challenge the Government's case. (Id. at 6.) |
| Claim Three | Counsel failed to file a motion for a new trial. (Id. at 8.) |
| Claim Four | Counsel failed to maintain adequate communication with Williams. (Id. at 11.) |

The Government contends that Williams's claims lack merit. Williams has responded. For the reasons that follow, Williams's claims will be dismissed.

---

[1] "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

## I. PROCEDURAL HISTORY

A grand jury indicted Williams on one count of possession of a firearm by a convicted felon. (Indictment 1.)

At the trial of that charge, Arron Mitchell testified that on March 29, 2008, he and his wife Marquesha Mitchell (hereinafter "Marquesha") had dinner at Terry's Lounge. (Nov. 17, 2008 Tr. 56.) Marquesha testified that Williams stared at them "all night." (Nov. 17, 2008 Tr. 80-81.) Mitchell testified that as he was walking to the bathroom in Terry's Lounge with his wife, Williams backed into Mitchell,[2] scowled at Mitchell, and indicated to Mitchell "just keep moving." (Nov. 17, 2008 Tr. 57-58.) When Mitchell declined to back down, Williams pulled a firearm from his waistband. (Nov. 17, 2008 Tr. 58-59.) At trial, Mitchell and his wife unequivocally identified Williams as the individual who had pulled the gun on Mitchell. (Nov. 17, 2008 Tr. 59-60, 80-81, 84-85.)

Within minutes after Williams pulled the gun on Mitchell, Mitchell reported the incident to Officers Raymond Luckey and Brian Rogers, who were parked across the street from the night club. (Nov. 17, 2008 Tr. 60-61, 91-92, 105-07.) Williams told the police that the man with the gun was wearing glasses, a

---

[2] Marquesha testified that it appeared Williams had intentionally backed into her husband. (Nov. 17, 2008 Tr. 82.)

2

green shirt, and a white hat. (Nov. 17, 2008 Tr. 60-61.) Marquesha provided a similar description to the police. (See Nov. 17, 2008 Tr. 80, 84.) Marquesha also told the police that she believed the gun was a ".45-caliber." (Nov. 17, 2008 Tr. 87.)

Officers Luckey and Rogers went into Terry's Lounge and saw Williams at the bar. (Nov. 17, 2008 Tr. at 92-94.) Williams was wearing a "distinctive" green shirt, a white hat, and glasses. (Nov. 17, 2008 Tr. 94-95; see Nov. 17, 2008 Tr. 109-10.)[3] Officer Rogers made eye contact with Williams. (Nov. 17, 2008 Tr. 108.) Williams immediately left the bar area, walked through the back hall of the club and into the women's restroom. (Nov. 17, 2008 Tr. 110.) Officers Luckey and Rogers followed and encountered Williams emerging from the women's restroom. (Nov. 17, 2008 Tr. 111.)

Officer Luckey took control of Williams and Officer Rogers entered the women's restroom. (Nov. 17, 2008 Tr. 111.) Officer Rogers found ".45 caliber semiautomatic pistol" in the garbage can. (Nov. 17, 2008 Tr. 111-12, 123.) Officers Rogers and Luckey took Williams outside and contacted Mitchell and his wife. (Nov. 17, 2008 Tr. 84, 96-97.) Mitchell and his wife

---

[3] Officers Luckey and Rogers did not notice any other person in the club with that attire. (Nov. 17, 2008 Tr. 95, 109-10.)

3

came back to Terry's Lounge and identified Williams as the individual who had pulled the gun from his waistband. (Nov. 17, 2008 Tr. 61, 84.)

The jury found Williams guilty.[4] (Nov. 17, 2008 Tr. 151.) The Court sentenced Williams to 120 months of imprisonment. (J. in a Criminal Case 2.)

Williams appealed, arguing insufficient evidence supported his conviction. United States v. Williams, No. 09-4198, at 2-4 (4th Cir. Sept. 24, 2009). The United States Court of Appeals for the Fourth Circuit affirmed Williams's conviction. Id. at 2.

## II. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting

---

[4] At trial, Williams stipulated to all of elements of the crime charged except to possession of the firearm in question. (See Nov. 17, 2008 Tr. 123.)

4

Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697. In this instance, given the overwhelming evidence of his guilt, Williams fails to bear his burden in demonstrating prejudice. Id. at 695-96.

### A. Alleged Failure To Investigate And Call Lay Witnesses

In Claim One, Williams faults counsel for failing to investigate and call Williams's long-term acquaintances, Franklin Terry (Mem. Supp. § 2255 Mot. Ex. 1B), and Tamatha Anderson (id. Exs. 2B & 2C), as witnesses. Where a petitioner faults counsel for not calling a witness, the petitioner should provide "concrete evidence of what [the witness] would have testified to in exculpation." United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004).[5] Although Williams has proffered

---

[5] Williams also suggests that counsel should have questioned "the owners and patrons" of Terry's Lounge. (Mem. Supp. § 2255 Mot. 8.) Williams, however, fails to make any specific proffer,

5

statements from Terry and Anderson, as explained below, those cursory statements fail to establish any reasonable probability of Williams's acquittal. See id.

In response to a questionnaire furnished by Williams, Terry simply represents that he was in Terry's Lounge on the night Williams was arrested and he did not see Williams with a weapon and "to [Terry's] knowledge" Williams did not argue with anyone. (Mem. Supp. § 2255 Mot. Ex. 1B at 1 (capitalization corrected).) Anderson provides similar answers on her questionnaire. (Mem. Supp. § Mot. 2255 Ex. 2B at 1.) Additionally, Anderson states:

> ON THE NIGHT OF MARCH 28, 2008 EARLY MORNING OF MARCH 29, 2008 I WENT OUT TO TERRY'S NIGHT CLUB. WHILE THERE I RAN INTO BARRY WILLIAMS IN THE CLUB WE STOOD THERE IN CONVERSATION FOR HOURS. I DIDN'T SEE BARRY WILLIAMS INVOLVED IN ANY ALTERCATION WITH ANYONE AND I NEVER OBSERVE HIM WITH A WEAPON OF ANY KIND. HE WAS STANDING WITH MY SISTER AND ME TO THE RIGHT OF THE DJ ALL NIGHT TALKING. I NOTICE RICHMOND POLICE ENTERING PREMISES. THEY HEADED IN THE DIRECTION WE WHERE IN STARTED REMOVING BARRY WILLIAMS OUT THE CLUB I ASKED WHAT HE DID HE SAID THE COPS SAID HE HAD A GUN. LATER I LEARNED HE WAS BEING CHARGE WITH HAVING A FIREARM IN PUTTING IT IN LADIES RESTROOM. HOW IS THAT POSSIBLE WHEN HE NEVER LEFT MY SIDE?

(Id. Ex. 2C at 1.)

---

as he must, as to how these individuals could have aided his case. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (dismissing claims where petitioner failed to make a specific proffer as the testimony of the omitted witness). Accordingly, this aspect of Claim One lacks merit and will be dismissed.

Given the significant, persuasive evidence of Williams's guilt, no reasonable probability exists that the nebulous testimony Williams now proffers could have altered the jury's verdict. For example, Williams fails to offer any reason as to why Mitchell and his wife would have misidentified him as the man who had pulled the gun on Mitchell. Additionally, Anderson's and Terry's statements fail to counter the evidence from Officers Luckey and Rogers that persuasively demonstrates Williams disposed of a .45 caliber pistol in the woman's bathroom at Terry's Lounge. To the extent that Williams suggests that Officers Luckey and Rogers simply fabricated the story regarding retrieving the weapon from the bathroom immediately after Williams exited the bathroom, he fails to advance any plausible motive for their doing so. Accordingly, Claim One will be dismissed because Williams fails to demonstrate prejudice.

### B. Failure To Call Expert Witnesses, Challenge The Government's Case, And Maintain Adequate Communication With Williams

In Claim Two, Williams faults counsel for failing to call expert witnesses for the defense. Williams, however, fails to proffer what favorable evidence any such witness could offer. See Bassette, 915 F.2d at 940-41. Accordingly, this aspect of

7

Claim Two will be dismissed because Williams fails to demonstrate deficiency or prejudice.

Also in Claim Two, Williams faults counsel for pursuing a defense that relied upon questioning the police as to why they had not performed tests on the recovered firearm to prove its connection to Williams. (Mem. Supp. § 2255 Mot. 6-7.) Williams, however, fails to advance any defense that might have resulted in his acquittal. Thus, Williams fails to demonstrate deficiency or prejudice.

Additionally in Claim Four, Williams faults counsel for failing to establish and maintain a "respectable level of communication with" him. (Id. at 11.) Williams, however, fails to demonstrate that any additional consultation with counsel could have altered the result of the trial. As here, "sometimes it is the nature of the evidence, rather than the acts [or omissions] of the lawyer, that 'prejudice' the defendant." Meyer v. Branker, 506 F.3d 358, 370 (4th Cir. 2007). Accordingly, Claim Two and Four will be dismissed because Williams fails to demonstrate prejudice.

C. **Failure To Move For A New Trial**

In Claim Three, Williams faults counsel for not moving for a new trial under Federal Rule of Criminal Procedure 33 on the ground that evidence insufficiently supported Williams's

conviction.[6] Given the abundance of evidence of Williams's guilt, counsel reasonably eschewed such a motion. Accordingly, Claim Three will be dismissed because Williams fails to demonstrate deficiency or prejudice.

Williams's § 2255 Motion (ECF NO. 41) will be denied. The action will be dismissed. A certificate of appealability will be denied.[7]

---

[6] That rule provides:

>  **(a) Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>  **(b) Time to File.**
>  **(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>  **(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33.

[7] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000)

The Clerk is directed to send a copy of the Memorandum Opinion to Williams and counsel for the Government.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: June 25, 2013
Richmond, Virginia

---

(quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 & n.4 (1983)). Williams fails to satisfy this standard.